IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY MCBRIDE

        PLAINTIFF,

v.                                   CIVIL ACTION NO.:

BAKER PIC N SAV, LLC

        DEFENDANT.
_____/

## COMPLAINT

Plaintiff, GARY MCBRIDE, (hereinafter referred to as the "Plaintiff" or "McBride"), by and through his undersigned attorney, sues the Defendant, BAKER PIC N SAV, LLC (hereinafter referred to as the "Defendant" or "PNS"), and submits his Complaint which alleges the following:

### *JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

1

§2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent to the filing of this suit.

7. On or about September 4, 2018, Plaintiff dual filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) and Equal Employment Opportunity Commission (EEOC) for investigation. On February 28, 2019, Plaintiff received a determination from the FCHR. On May 17, 2019, Plaintiff received a Notice of Right to Sue from the EEOC, thereby notifying him of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.,S.C. 2000e, et seq., against the PNS within 90 days of receipt thereof.

*PARTIES*

8. Plaintiff is a Caucasian male and a citizen of the State of Florida, Okaloosa County and who resides in Baker, Florida.

9. Defendant, Baker Pic-N-Sav, LLC, is a local grocery outlet with locations in Crestview, Milton, Baker, and Brewton, AL. Plaintiff was employed at Defendant's Baker location during his employment with Defendant. Defendant is an employer within the meaning of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

## *FACTS*

10. Plaintiff is a 52 year old male.

11. Plaintiff was employed by Baker Pic N Sav, LLC from February 22, 2017, until September 19, 2018.

12. Plaintiff is a hearing impaired individual.

13. Plaintiff is deaf but utilizes hearing aides that simply amplify sounds, but he relies primarily on American Sign Language, reads lips and writes as his primary form of communication.

14. Since Plaintiff began working for Baker Pic N Sav, LLC, on February 22, 2017, he performed the duties of this position in a satisfactory manner.

15. In March 2018, a new store manager, Kimberly Bowden, was hired.

16. Since Ms. Bowden's hire, Plaintiff has been treated differently by her.

17. Ms. Bowden did not like having to deal with or accommodate Plaintiff's disability and claimed he was difficult to deal with.

18. Since her arrival Ms. Bowden harassed Plaintiff and wrote him up for things that he did not do.

19. For example, Plaintiff was reprimanded for talking on the phone during work hours. Plaintiff is deaf, he does not talk on the phone.

20. Plaintiff has complained to the store owner and other managers about him being discriminated against and harassed by Ms. Bowen but they continually side with Ms. Bowden.

21. Plaintiff is a deaf individual who utilizes ASL as his primary form of communication and is more than proficient in interpreting and utilizing ASL.

22. Defendant has had knowledge of Plaintiff's hearing disability.

23. Plaintiff's supervisor, Ms. Bowen, was aware of his hearing disability.

24. Plaintiff is a qualified individual with a disability:

    (a) he has a physical and/or mental impairment that substantially limits one or more major life activities such as the ability to communicate: he suffers from an inability to hear sound as he is deaf;

    (b) Plaintiff is under doctor's care for treatment of his physical disabilities.

(c) he has a record of such impairment; and,

(d) he was regarded by his employer as having impairments.

25. Plaintiff's disabilities substantially affect the major life activities of speaking, hearing and communicating.

26. Plaintiff had the ability to perform the essential functions of his position with or without a reasonable accommodation and did so in a satisfactory manner.

27. Defendant knowingly and intentionally discriminated against Plaintiff by treating other similarly situated non-disabled applicants more favorably than Plaintiff because of him being deaf.

28. This continual and intentional discrimination and harassment by Ms. Bowen and management's inaction after numerous reporting and Defendant's retaliation all lead to Plaintiff's constructive termination.

## FIRST CAUSE OF ACTION
*(American with Disabilities Act and Amendments "ADAA" - Discrimination)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 28 of this complaint with the same force and effect as if set forth herein.

30. Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203;

the Americans with Disabilities Act Amendments of 2008 (ADAA).

31. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *SECONDCAUSE OF ACTION*
*(American with Disabilities Act and Amendments "ADAA" - Retaliation)*

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 28 of this complaint with the same force and effect as if set forth herein.

33. Defendant retaliated against Plaintiff for engaging in protective activity in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

34. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory practice unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a.    Declaring the acts and practices complained of herein are violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

    b.    Enjoining and permanently restraining those violations of the Americans with Disabilities Act Amendments of 2008 (ADAA). Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    c.    Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

        i.    Awarding Plaintiff Front Pay in lieu of reinstatement;

        ii.    Awarding Plaintiff compensatory damages;

        iii.    Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

    d.    Granting such other and further relief as the Court deems just and proper in the premises.

***DEMAND FOR JURY TRIAL***

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: August 12, 2019.     By: */s/ Clayton M. Connors*
                                                        CLAYTON M. CONNORS
                                                        Florida Bar No.: 0095553
                                                        Email: cmc@westconlaw.com
                                                        R. JOHN WESTBERRY
                                                        Florida Bar No.: 244661
                                                        Email: rjw@westconlaw.com
                                                        **WESTBERRY & CONNORS, LLC.**
                                                        4400 Bayou Blvd., Suite 32A
                                                        Pensacola, Florida 32503
                                                        Tel:  (850) 473-0401
                                                        Fax: (850) 473-1388
                                                        Attorney for the Plaintiff